FILED

1    Frederick Loakes
2    Diolinda Loakes
     15 Franciscan PL
3    Pomona, CA 91766
     Telephone: (562) 587-0924
4
     Plaintiffs in Pro Per
5

6

7

8                    UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10

11   FREDERICK LOAKES, an individual, and;    )   CASE NO.: 2:14-cv-05530-DMG-JC
     DIOLINDA LOAKES, an individual;          )
12                                            )
                                              )   PLAINTIFFS' SECOND AMENDED
13           Plaintiffs,                       )   COMPLAINT FOR MONETARY
                                              )   DAMAGES, STATUTORY DAMAGES,
14       v.                                    )   INJUNCTIVE RELEF AND
                                              )   DECLATORY RELIEF
15   WELLS FARGO BANK, N.A. as loan servicer  )
16   GOLDEN WEST SAVINGS ASSOCIATION          )   1.  VIOLATION OF BUSINESS AND
     SERVICE CO., A CALIFORNIA                )       PROFESSIONS CODE SECTION
17   CORPORATION as trustee; WORLD SAVINGS    )       17200;
     BANK, FSB as investor; AND DOES 1 TO 100 )   2.  INJUNCTIVE RELEIF;
18   INCLUSIVE                                 )   3.  VIOLATION OF CIVIL CODE
19                                            )       SECTION1572;
                                              )   4.  FRAUD;
20                                            )   5.  INTENTIONAL
                                              )       MISREPRESENTATION;
21                                            )   6.  VIOLATION OF CALIFORNIA
22                                            )       CIVIL CODES SECTION 2923.5 AND
                                              )       SECTION 2924
23                                            )
24                                            )       DEMAND FOR TRIAL BY JURY
                                              )       UNLIMITED JURISDICTION
25                                            )
                                              )
26

27

28

                                     1

     PLAINTIFFS' FREDERICK LOAKES AND DIOLINDA LOAKES SECOND AMENDED COMPLAINT

1   **COMES NOW. Plaintiffs FREDERICK LOAKES and DIOLINDA LOAKES, by and through**

2   **themselves and file the above-captioned Amended Complaint pursuant to this Court's Order**

3   **dated October 14, 2014 and Plaintiff's own reservation to amend the instant Complaint as soon**

4
5   **as practicable as further knowledge is obtained now alleges, amendments are indicated in bold**

6   **and underlined, in support thereof states as follows:**

7

8      COME NOW Plaintiffs FREDERICK LOAKES, an individual, and DIOLINDA LOAKES,

9   an individual, (hereinafter referred to as ("Plaintiffs"), amending their complaint. and alleging as

10   follows:

11
12                                           I.

13                            **JURSIDICTION AND VENUE**

14   1.      This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because

15   Plaintiffs' citizenship and that of Wells Fargo Bank, N.A., is entirely diverse and the amount in

16
17   controversy exceeds $75,000.00.

18                                           II.

19                            **GENERAL ALLEGATIONS**

20   2.      Plaintiffs FREDERICK LOAKES, an individual, and DIOLINDA LOAKES, an

21   individual (hereinafter "Plaintiffs") at all times relevant has been a resident of the County of Los

22
23   Angeles, State of California and are the owners of Real Property, including but not limited to the

24   property at issue herein, 15 Franciscan PL, Pomona, CA 91766.

25   3.      WELLS FARGO BANK, N.A. (hereinafter "WELLS") at all times herein

26   mentioned was presumed to be doing business in the County of Los Angeles, State of California and

27

28

PLAINTIFFS' FREDERICK LOAKES AND DIOLINDA LOAKES SECOND AMENDED COMPLAINT

alleged to be the Beneficiary regarding Plaintiffs' Real Property as described above and as Situated in Los Angeles County, California.

4.      Defendant GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO. (hereinafter "GOLDEN") at all times herein mentioned is doing business in the County of Los Angeles, State of California and was listed on the Notice of Default and the Notice of Trustee's Sale.

5.      Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names and all persons unknown claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiffs' title, or any cloud on Plaintiffs' title thereto, Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

6.      Plaintiffs are informed and believe and thereon allege that at all times herein mentioned each of the defendants.  Plaintiffs allege that each and every defendant alleged herein ratified the conduct of each and every other defendant.  Plaintiffs further allege that at all times said defendants were acting within the purpose and scope of such agency and employment.

7.      Plaintiffs financed the foregoing Real Property and on or about October 6, 2006 through WELLS by virtue of a Deed of Trust and a Note securing the loan.

8.      Plaintiffs further allege Defendants WELLS and GOLDEN allege Plaintiffs became in default on their loan.  However this default of the loan was occasioned by the high payments, the structure of the loan and interest rate.  Furthermore, Plaintiffs were not in default because the prior breach of the terms of the notes by Defendants, and each of them, and therefore, the performance of Plaintiffs is excused.  In addition, the Declaration of Due Diligence attached o the Notice of Default is invalid pursuant to *California Civil Code 2923.5 et seq.*  The Notice of Default is <u>VOID</u> because the required "<u>penalty of perjury</u>" and signature of a person with "<u>actual knowledge</u>" is missing which

3

PLAINTIFFS' FREDERICK LOAKES AND DIOLINDA LOAKES SECOND AMENDED COMPLAINT

will be discussed later in the complaint. Furthermore, Plaintiffs allege, that Defendants WELLS and GOLDEN did not have a power to record the Notice of Default; GOLDEN was not the trustee of the record at the time of the recordation of the Notice of Default. On information and belief, although GOLDEN is claiming to be "either the duly appointed Trustee, the substitute Trustee or acting as agent for Beneficiary under the Deed of Trust," the Official Records in the Office of the Recorder of Riverside County, California **does not** contain any evidence of the recordation of the Substitution of Trustee before the recordation of the Notice of Default, therefore making the Notice of Default **VOID** as matter of law.

9. __The means and mechanism by which this result was accomplished by the various Defendants proceeded by way of a complicated scheme involving fraud, misrepresentation, civil conspiracy, and breaches of the general negligence duties of due care and due diligence, the fiduciary duty of trust and confidence existing between financial institutions and their customers, the duties of good faith and fair dealing that underlie all contractual relationships in the State of California, as well as violation of a number of statutory and regulatory duties imposed by the California Civil and Business & Professions Codes.__

10. __While the schemes of the Defendants, derived solely for their own financial benefit, were convoluted and complicated, the gravamen of Plaintiff's Complaint is simple. Defendants refused to deal with Plaintiff fairly and in good faith, and, in the process, trampled upon a litany of duties imposed by statute, regulation, and well-established case law.__

11. Plaintiffs further allege that Defendants violated *California Civil Code Section 2923.5*, prior to filing a Notice of Default, *California Civil Code Section 2923.5 of the California* Civil Code provides in pertinent part:

4

PLAINTIFFS' FREDERICK LOAKES AND DIOLINDA LOAKES SECOND AMENDED COMPLAINT

(1) *A trustee may not file notice of default pursuant to Section 2924 until 30 days after contact is made* as required by paragraph (2) or 30 days after satisfying the due diligence requirements as described in subdivision (g).

(2) *An authorized agent shall contact the borrower* in person or by telephone *in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure.* During the initial contact, the mortgage, beneficiary, or authorized agent shall advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgage, beneficiary, or authorized agent shall schedule the meeting within 14 days.

(3) *A notice of default filed pursuant to Section 2924 shall include a* <u>declaration</u> *from the mortgage beneficiary, or authorized agent that it has contacted the borrower, tried with due diligence to contact the borrower as required by this section,* or the borrower has surrendered the property to the mortgage, trustee, beneficiary, or authorized agent.

12.     Plaintiffs allege that the Notice of Default did not include a Declaration satisfying the due diligence requirements and the date of the actual of the Notice of Default pursuant to *California Civil Code Section 2923.5 at seq.*

13.     Plaintiffs hereby allege that Defendants WELLS and GOLDEN are attempting to unlawfully foreclose on Plaintiffs' Property.

14.     Plaintiffs are informed and believe and thereon allege that throughout the United States foreclosures are being undertaken by parties who are not real parties at interest, who are not

5

PLAINTIFFS' FREDERICK LOAKES AND DIOLINDA LOAKES SECOND AMENDED COMPLAINT

the holders in due course of the original promissory note, and have no standing to order said foreclosures, therefore such foreclosures in invalid, void and null.

### Holder in Due Course of a Promissory Note

15.     Due to the non-judicial foreclosure process set up by the California legislature more than one hundred years ago, at a time when the separation of a note from a deed, and the selling of notes as asset backed securities were completely unheard of an unexpected it was not foreseen by the legislature that a party one day ordering a trustee to sell a property by trustee sale would not actually be the holder in due course of the note with the power of sale clause that allows the holder to order a trustee sale.  Parties who are now ordering trustees to sell deeds are rarely the holder in due course of that note, as is required by *California Commercial Code Section 3301.*

16.     Therefore, since the legislature did not foresee such an abuse of the non-judicial foreclosure sale process they created, the fraudulent lending industry now makes good use of this oversight by ordering properties sold with no standing to do so, and these sales do largely unchallenged by homeowners who have no knowledge that fraud is being committed on them, and no opportunity to assert their rights and challenge the proceedings, because there is no due process, no hearing, no day in court afforded to the borrowers before their homes are sold.

17.     Under California law, an instrument (including a secured note) may only be enforced by the "holder" of the note *Commercial Code Section 3301 (a).*  For an instrument payable to an unidentified person, there are two requirements for a person to qualify as a holder: (a) the person must be in possession of the instrument, and (b) the instrument must be payable to that person. *Id.*

18.     Under California Civil Code Section 2932.5:

PLAINTIFFS' FREDERICK LOAKES AND DIOLINDA LOAKES SECOND AMENDED COMPLAINT

Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of a security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledge and recorded. [Emphasis added].

19.    Defendants WELLS and GOLDEN issued or caused to be issued an unauthorized Notice of Default which in turn will taint a potential Trustee's Sale itself and rendered it unauthorized as well.

20.    That none of these Defendants, and each of them, were ever disclosed as the beneficiary in accordance with *California Code of Civil Procedure Section 2924 et seq.*

21.    Moreover the California Legislature passed Senate Bill 1137, impacting residential mortgage lenders, foreclosure procedures and eviction procedures.  The Governor has signed this law into effect and it has taken effect as Urgency Legislation.  The law has three pertinent parts.  It amends *California Code of Civil Procedure Section 1161 (b)* regarding notice of an eviction.  It adds provision strengthening the right of local governments to adopt "blight" ordinances and moreover, it modifies the non-judicial foreclosure procedures set forth in *California Civil Code Section 2924*.  The legislature recognized that the need for such legislation by stating as follows:

". . . It is essential to the economic health of California for the state to ameliorate the deleterious effects on the state economy and local economies and the California housing market that will result from the continued foreclosures of residential properties in unprecedented number by modifying the foreclosure process to require mortgagee, beneficiaries, or authorized agents to contact borrowers and explore options that could avoid foreclosure . . ."

22.    This law is effective immediately and extends on to January 1, 2016.  This law impacts owner-occupies primary residences only and only loans made on January 1, 2003 and December 3, 2007. *California Civil Code Section 2924* states in part:

7

**Foreclosure:**

The primary purpose of the Statue is foreclosure procedures and imposes an unprecedented duty upon lenders relation to contact with borrowers.  The Statue amends provisions of the non-judicial foreclosure procedures found in *California Code of Civil Procedure Section 2924*, by adding requirements for meetings, due diligence, and notification of counseling.  Some of the more important provisions include all of the following:

- The lender, beneficiary or authorized agent must wait thirty (30) days after contact is made with the borrower, or thirty days (30) after satisfying the due diligence requirements set forth in the Statue, in order to commence the filing of a Notice of Default.
- The contact requires that the borrower's financial situation be assessed and requires that the borrower and lender explore options for the borrower's to avoid foreclosure. ***This was not done by Defendants or lender.***
- The Statute requires the lender or their authorized agent to advise the borrower that the borrower has the right to a subsequent meeting with fourteen (14) days of the initial contact.
- The borrower is to be provided a toll free telephone number available at HUD for certified housing counseling agencies.
- The borrower may designate an authorized agent, such as a counseling service, REALTOR® or attorney, to act as their authorized agent but must expressly approve any workout agreement reached by that agent.
- The Notice of Default must include a declaration indicating that the lender has made the contact or made a diligent effort to make the contact and will not apply in the event of surrender of the property.
- If the Notice of Default was already recorded prior to the date of the Statute, this declaration must be included in Notices of Sale.
- In the event that the lender is initially unable to contact the borrower, they must attempt telephone contact on three separate occasions at three different times.
- The lender must provide the borrower with an (800) number that will be answered by a live person during normal business hours and provide certain links to web pages.  The web page must be a prominent link and must link to the following information:

- Options for borrowers who cannot afford their payments.
- A list of financial documents to gather when discussing their options.
- A toll-free telephone number available by HUD for certified counseling services.
- A toll-free telephone number for borrowers to discuss options to avoid foreclosure with the lender or lender's representative.

***Defendants did not fully comply with this code therefore the title is not duly perfected.***

8

PLAINTIFFS' FREDERICK LOAKES AND DIOLINDA LOAKES SECOND AMENDED COMPLAINT

23.     Plaintiffs further allege on information and believe that none of these alleged beneficiaries or representatives of the Beneficiary have the original note to prove that they are in fact the party authorized to conduct the foreclosure.

24.     Plaintiffs further allege that the foreclosure sale of the Subject Property cannot be executed in accordance with the requirements of *California Civil Code Sections 2923.5, 2932.5* and *Commercial Code Section 3302 et seq.*

25.     That the notices failed to confirm with the provisions of *California Civil Code Sections 2923.5, 2932.5 et seq.*, and *Commercial Code Section 3302 et seq.* Furthermore, the Notice of Default did not include a valid declaration attached which would include the **"penalty of perjury"** disclosure and signed by the agent with **"personal knowledge."** Therefore, the Notice of Default is invalid.

26.     Plaintiffs further allege that California Civil Code Section 2924 et seq. and its subparts are being applied to Plaintiffs in a manner that is unlawful, because at least in part the party acting as the Trustee proceeded with the foreclosure of Plaintiffs' Subject Property not withstanding the fact that the Trustee was not in possession of the original Note, that the Note when it was assigned, did not convey the power of sale because it violated the terms of *California Civil Code Section 2932.5*, that the assignment when it was made, that the Note executed by Plaintiffs were no longer a negotiable instrument because the assignment was not physically applied to the Note pursuant to the holding of ***Pribus v. Bush***, (1981) 118 Cal.App.3d 1003, 173 Cal.Rptc.747, although there was sufficient room on the back of the Note to complete the assignment, and as such the potential foreclosure of the Plaintiffs subject property would not confirm to the strict mandates of *California Civil Code Section 2924.*

PLAINTIFFS' FREDERICK LOAKES AND DIOLINDA LOAKES SECOND AMENDED COMPLAINT

27.     That by virtue of the method and manner of Defendants carrying out *Civil Code Section 2924 et seq.*, the attempted foreclosure of the Subject Property is void ab initio as a matter of law.

28.     Plaintiffs allege that Defendants, and each of them, are engaged in and continue to engage in violations of California law including but not limited to: California Civil Code Section 2924 et seq. and 2932.5 et seq., and unless restrained will continue to engage in such misconduct, and that a public benefit necessitates that Defendants be restrained from such conduct in the future.

29.     The Graveman of Plaintiffs' complaint is that Defendants violated State laws which were specifically enacted to protect such abusive, deceptive, and unfair conduct by Defendants, and that Defendants cannot legally enforce a non-judicial foreclosure.

30.     Plaintiffs are a "debtor" as defined by the Rosenthal Act, *California Civil Code 17788.2(h)*.

31.     Defendants are engaged in the collection of debts from consumers using the mail and telephone.

32.     Defendants regularly attempt to collect consumer debts alleged to be due to another.

33.     Defendants are "debt collectors" as defined by the Rosenthal Act, *California Civil Code Section 1788.2(c)*.

34.     The purported debt which Defendants attempted to collect from Plaintiffs was a "consumer debt" as defined by Rosenthal Act, *California Civil Code Section 1788.2(f)*.

## Defendants' Lack Standing To Conduct A Non-Judicial Foreclosure Pursuant To California Civil Code 2932.5

35.     Defendants have not standing to enforce a non-judicial foreclosure.

PLAINTIFFS' FREDERICK LOAKES AND DIOLINDA LOAKES SECOND AMENDED COMPLAINT

36.     Defendants are strangers to this transaction, and have no authority to go forward with a foreclosure and Trustee's Sale.

37.     In California, *California Civil Code 2932.5* governs the Power of Sale under an assigned mortgage, and provides that the power of sale can only vest in a person entitled to money payments: *"Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who **by assignment becomes entitled to payment** of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded."*

38.     Since the Defendants have not complied with *California Civil Code 2932.5*, the Notice of Default provisions of *California Civil Code 2924* and Notice of Trustee's Sale provisions of *California Civil Code 2924(f)* were likewise never complied with.

## Defendant's Lack of Standing to Enforce a Non-Judicial Foreclosure Pursuant to California Commercial Code 3301

39.     A promissory note is person property and the deed of trust securing an note is a mere incident of the debt it secures, with no separable ascertainable market value.  *California Civil Code 657 and 663*.  **Kirby v. Palos Verdes Escrow Co.**, 183 Cal.App.3d 57, 62.

40.     Any transfers of the notice and mortgage fundamentally flow back to the note: *"The assignment of a mortgage without a transfer of the Indebtedness confers no right, since debt and security are inseparable and the mortgage alone is not a subject of transfer,* "**Hyde v. Mangan** (1891) 88 *Cal.* 319, 26 P 180, 1891 *Cal LEXIS* 693; **Johnson v. Razy** (1919) 181 *Cal.* 342, 184 P 657; 1919 *Cal LEXUS* 358; **Bowman v. Sears** (1923), Cal App 63 Cal App 235, 218 P 489, 1923 *Cal App LEXIS* 199; **Treat v. Burns** (1932) 216 Cal 216, 13 P2d, 724, 1932 *Cal LEXIS* 554.

11

PLAINTIFFS' FREDERICK LOAKES AND DIOLINDA LOAKES SECOND AMENDED COMPLAINT

41.     *"A mortgagee's purported assignment of the mortgage without an assignment of the debt which is secured is a legal nullity."* **__Kelly v. Upshaw__** (1952) 39 *Cal* 2d 179, 246 P2d 23, 1952 *Cal LEXIS* 248.

42.     *"A trust deed has no assignable quality independent of the debt without a transfer of the debt is without effect."* **__Domard v. Fisher & Burke, Inc__** (1969 *Cal. App.* 1st *Dist*) 270 *Cal. App.* 2d 543, 76 *Cal. Rptr.* 529, 1969 *Cal. App. LEXIS* 1556.

43.     The Promissory Note is a negotiable instrument.

44.     Transferring a Deed of Trust by itself does not allow enforcement of the instrument unless the Promissory Note is properly negotiated.

45.     Where an instrument has been transferred, enforceability is determined based upon possession.

46.     *California Commercial Code* 3301 limits a negotiable instrument's enforcement to the following:

*"Person entitled to enforce" an Instrument means (a) the holder of the instrument, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309or subdivision (d) of Section 3418.  A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.*

47.     None of the Defendants are present holders of the instrument.

48.     None of the Defendants are non-holders in possession of the instrument who has rights of the holder.

49.     None of the Defendants are entitled to enforce the instrument pursuant to section 3309 or Subdivision (d) of Section 3418.

12

PLAINTIFFS' FREDERICK LOAKES AND DIOLINDA LOAKES SECOND AMENDED COMPLAINT

50.     Defendants have no enforceable rights under *California Commercial Code 301 (a)* to enforce the negotiable instrument.

51.     Since there is no right to enforce the negotiable instrument, the Notice of Default provisions of *California Civil Code 2924* and Notice of Sale provisions of *California Civil Code 2924(f)* were likewise never complied with, and there is no subsequent incidental right to enforce any deed of trust and conduct a non-judicial foreclosure.

52.     That the Trustee and the loan servicer are acting as agents of the Beneficiary and signing documents as the agent of the agent of the Beneficiary for Plaintiffs' Note and the notices therein, notwithstanding the facts that the Note was not negotiable.

53.     That by virtue of the method and manner of Defendants carrying out *Civil Code Section 2924 et seq.*, the attempted foreclosure of the Subject Property is **VOID** ab initio as a matter of law.

### III.

### FIRST CAUSE OF ACTION
### <u>VIOLATIONS OF BUSINESS AND PROFESSIONS CODE SECTION 17200</u>
### (As against All Defendants)

54.     Plaintiff repeats and re-alleges each of the allegations set forth above.

55.     Beginning on October 6, 2006 and continuing to the present time, Defendants committed acts of unfair competition as defined by *Business and Professions Code Section 17200*, by engaging in the following practices:

56.     <u>**Among others, they have not hired sufficient staff to deal with the requests, they have not diligently or fairly examined the requests, they have made and offered false promises as to the requests, they have hired incompetent people to process the requests in an attempt to frustrate borrowers from moving forward through the process (to not process and**</u>

13

grant the submitted modifications).  Defendants, and each of them, undertook this conduct even as to the seniors and military veterans of this Country and without regard to how such protected persons relied to their detriment on defendants' promises. Contrary to what they promised, Defendants, and each of them, have not engaged in the loan modification process in good faith.  They have promised and asserted that they would be fair with homeowners.  In return, they have solicited and received substantial relief from the federal government and the citizens of this Country.

57.    As these processes require multiple parties to complete the Foreclosure process, and since all defendants were aware of and participated in each, directly or indirectly, they all have responsibility for the conduct which ensued.  Plaintiff is informed and believes, and thereon allege that at all times herein mentioned, each of the Defendants was the agent, employee, servant and/or joint venture of the remaining Defendants, and each of them, and in doing the things alleged herein, was acting within the course and scope of such agency, employment and/or joint venture. For example, a trustee's sale cannot be conducted without the beneficiary attempting to empower the loan servicer to have the foreclosure trustee undertake the process.

58.    At all times relevant hereto Defendants, and each of them, and enhanced by the special relationship created in agreeing to and handling Plaintiff's request for a loan modification, Defendants, and each of them, were required to exercise all of their duties towards Plaintiff with the appropriate care and skill and to protect Plaintiff's interests with respect to the underlying loan transaction, any loan modification negotiations and Plaintiff's property itself.  Moreover, Plaintiff further alleges, that Defendants, and each of them, through collective enterprise, failed to adhere to the standards of care required of them and

14

intentionally disregarded such standards required by contract and through the NEW California Statutes (e.g. 2923.5, 2923.6, 2923.7, 2924.10, 2924.11, 2924.17, 2924, 2932.5 et seq.) making all instruments, notices of default, notices of trustee's sales and other such documents void as a matter of law.

59.   Defendants' apparent altering of documents creates ambiguity in this situation. Therefore, notwithstanding the lack of foundation in such a signing, no authorized person signed documents on behalf of Defendants.  These multiple issues create a further lack of evidence as to any rights of Defendants.  However, it is clear that sufficient ambiguity exists in this process so as to raise genuine issues of conflict of interest, self-dealing, fraud and general incompetence.  Plaintiff is certain that there are other instances of unauthorized employees or team members having unlawfully signed various documents and recorded instruments on behalf of multiple entities.

60.   These acts and practices, as described in the previous paragraphs, violate *Business and Professions Code Section 17200* because their policies and practices described above violate all of the statutes as previously listed and *California Civil Code Section 1709*, and consequently, constitute and unlawful business act of practice within the meaning of *Business and Professions Code Section 17200*.

61.   The harm to Plaintiffs and to members of the general public outweighs the utility of Defendants' policy and practices, consequently, constitute an unlawful business act of practice within the meaning of *Business and Professions Code Section 17200*.

62.   Further, the foregoing conduct threatens an incipient violation of a consumer law, including or violates the policy or spirit of such law or otherwise significantly threatens or harms competition.  Defendants' practices described above are likely to mislead the general public, and

15

PLAINTIFFS' FREDERICK LOAKES AND DIOLINDA LOAKES SECOND AMENDED COMPLAINT

therefore, constitute a fraudulent business act of practice within the meaning of, *Business and Professions Code Section 17200*.   The Defendants' unfair, unlawful, and fraudulent business practices and false and misleading advertising present a continuing threat to members of public in that other consumers will be defrauded into closing on similar fraudulent loans.  Plaintiffs and other members of the general public have no other adequate remedy of law.

63.   As a result of the aforementioned acts, Plaintiffs have lost money or property and suffered injury in fact.  Defendants received and continue to hold Plaintiffs' money and other members of the public who fell victim to Defendants' scheme.

64.   **The above specified Defendants, and each of them, as part of their business practices, fraudulently and knowingly procured or offered false or fraudulent prepared documents to fabricate the missing gaps in the chain of title or to falsely demonstrate compliance with the law.  Members of the public are likely to be deceived by these unlawful, oppressive and fraudulent business practices.  The false documents include the NOTICES(s) OF DEFAULT, NOTICES(s) OF TRUSTEE'S SALES, ANY PURPORTED 2923.5 DECLARATIONS, etc.  Such documents contain irregularities as to the signatures, were not executed with personal knowledge, are oddly dated and with unusual sequencing, were not executed by properly authorized parties, contain inaccurate information, were knowingly and falsely signed and notarized, reflect execution by improper entities, contain false and inaccurate declarations of compliance, were not executed in compliance and in conformity with Cal. Civil Code 2932.5, 2924, 2932.5 and other such defects.**

65.   **Such misconduct was undertaken in combination through Defendant, as carried out by the Foreclosure trustee. Plaintiff alleges that all Defendants were aware of and ratified the misconduct referenced above.  Defendants, and each of them, referenced above,**

16

PLAINTIFFS' FREDERICK LOAKES AND DIOLINDA LOAKES SECOND AMENDED COMPLAINT

were aware that the undertaking of any trustee's sale using such invalid and improper documents was not only violation of Cal. Civil Code 2932.5, 2924, 2934 and other sections, but also was illegal as constituting fraud.  Additionally, the use of such false and illegal documents created a situation whereby Defendants, and each of them, undertook false and unfair business practices prejudicing Plaintiff to her financial detriment.

66.   Defendants, and each of them, further engaged in improper and illegal conduct by dual tracking in violation of Cal. Civil Code 2932.5, 2923.6, 2924.10 &2924.11 and also falsely promising Plaintiff a permanent loan modification.  Moreover, Defendants repeatedly violated Cal. Civil Code 2932.7 by literally refusing to appoint a single point of contact and other such violations.  Defendants, and each of them, also made false statements as to the loan modification process.  Defendants set up a system whereby they intentionally understaffed the departments doing loan modifications, staffed the slots with individuals who were unable, incompetent or directed to not cooperate with borrowers and who were directed to continue and claim to lose a borrowers documents, ask them to repeatedly submit the documentation, over and over again, in an attempt to burn out borrowers from seeking loan modification relief and or later just reneging on their agreements.

67.   The business of the above specified Defendants, and each of them, were unlawful(violation of Cal. Civil Code 2932.5, 2923.6, 2923.7, 2924, 2924.10, 2924.11, 2924.17, 2932.5, 2934, TILA, RESPA, ETC) deceptive, misleading and fraudulent (illegal use of signers, suspicious notarization of documents, actions taken on behalf of improper entities, lack of authority to proceed, intentionally overcharging Plaintiff, failure to record and prepare proper NOTICES OF DEFAULT AND NOTICES OF TRUSTEE'S SALE, misrepresenting to Plaintiff that she had received and qualified for a loan modification, not dealing in good faith in

17

PLAINTIFFS' FREDERICK LOAKES AND DIOLINDA LOAKES SECOND AMENDED COMPLAINT

any discussions with Plaintiff regarding potential resolutions of borrower circumstances, setting up a loan modification system that was designed to mislead and frustrate borrowers, DUAL TRACKING & NOT PROVIDING A SINGLE POINT OF CONTACT, etc.) and violate California law as alleged herein above. Further, the above specified Defendants, and each of them, knew that their business practices were unlawful, deceptive, misleading and improper at the time they were so engaged. They relied upon void documents in proceeding or attempting to proceed with a void Trustee's sales against Plaintiff.

68.    Further, Defendants, and each of them, and specifically Defendant WELLS FARGO with GOLDEN, have engaged in further unlawful, deceptive, unfair, misleading and improper business practices in servicing Plaintiff's mortgage loans as referenced below in this paragraph. Plaintiff is further informed and believes, and on that basis allege, that when Plaintiff fell behind on her mortgage payments, Defendants began pattern and practice of billing Plaintiff for unauthorized default charges and fees, including, but not limited to, late fees resulting from misapplied payments, improper late fees for payment posting errors, unauthorized escrow accounts, unauthorized use of "suspense" accounts, inflated fees for property inspections, inflated fees for title reports, broker priced opinions, force-placed insurance and foreclosure trustee services.

69.    Plaintiff is informed and believes, and thereon alleges, that as a matter of practice, Defendants billed Plaintiff at a substantial markup to the actual cost of services billed to the Defendants. Defendant's marked-up fees violate the mortgage contract because they exceed the actual cost of the services and are not reasonable to protect the alleged not holder's interest in the property and rights under the security instrument. These inflated fees and charges are routinely billed by said defendants, and each of them, as a way to generate default-

18

PLAINTIFFS' FREDERICK LOAKES AND DIOLINDA LOAKES SECOND AMENDED COMPLAINT

related fee income.  These actions were knowingly and intentionally undertaken in combination by Defendants with the intention of damaging interests of Plaintiff by making it more difficult to cure or ascertain the amount or actuality of any claimed default.  Moreover, the purported default amount is violation of Cal. Civil Code 2924 & 2924.17.  WELLS FARGO & GOLDEN have provided false default amounts, have not properly accounted to Plaintiff and have not properly given credit for Plaintiff's payments thus any purported notice of default is inaccurate and or did not occur and is violation of Cal. Civil Code 2924.

70.  Pursuant to Sections §17200 et seq. Of the California *Business and Professions Code,* unfair business practices include any unlawful, unfair, misleading or improper business practice.  The unfair and unlawful conduct of the above specified Defendants, and each of them, as alleged herein, constituted improper, unfair and/or unlawful business practices within the provisions of §17200 et seq. of *the California Business and Professions Code* and as determined by Cal. Civil Code 2924 et seq. 2932.5, 2934 and the fraud criminal statutes of California.  The actions described above were undertaken in combination by all of the Defendants.

71.  As direct and proximate result of the unfair business practices of the above specified Defendants, and each of them, as herein alleged, Plaintiff has incurred damages in that Plaintiff's real property and home is at risk of being lost to foreclosure at the hands of the above specified Defendants, and each of them, and by reason of which Plaintiff has had to expend monies to attempt to prevent the loss of her home by hiring counsel and experts and has been forced to pay excessive and improper fees and costs purportedly imposed by Defendants.  Moreover, by reason of the cloud created by the improper actions of the Defendants with regard to the attempted Trustee's sales, the invalid notices which it recorded and improper

19

PLAINTIFFS' FREDERICK LOAKES AND DIOLINDA LOAKES SECOND AMENDED COMPLAINT

documentation, Plaintiff has lost equity in her residence and suffered from decreased marketability of their home all in excess of the jurisdictional minimum of this Court, plus interests, legal fees and costs, and additional amounts, according to proof at the time of trial. Additionally, the improper actions undertaken by Defendants, and each of them, so confused title to Plaintiff's residence as to prejudice their ability to cure the alleged defaults claimed by defendants and to prematurely put them in a recorded default position.  Moreover, by reason of Defendants, and each of them, falsely promising to grant Plaintiff a loan modification, Plaintiff relied on that promise to their financial detriment in passing up other opportunities to resolve the purported default and other such available alternatives all to Plaintiff's damages according to proof.

72.    Unless this Court takes immediate action Plaintiff will be irreparably injured. Plaintiff will lose her residence if this injunction is not granted.  Thus, in light of the threat of irreparable damage, Plaintiff requests that the Court enjoin Defendants, and each of them, from conducting any trustee's sale with regard to Plaintiff's property.

## SECOND CAUSE OF ACTION
### INJUNCTIVE RELIFE
### (Against All Defendants)

73.    Plaintiffs repeat and re-allege each of the allegations set forth above.

74.    Plaintiffs seek a determination as to the legal status of the parties as to the Adjustable Rate Note and Deed of Trust.

75.    The Adjustable Rate Note states that the Lender is WELLS.

76.    It also states, "Lender or anyone who takes this Note by transfer and who is entitled to receive payment under this Note is called the "Note Holder."

20

PLAINTIFFS' FREDERICK LOAKES AND DIOLINDA LOAKES SECOND AMENDED COMPLAINT

77.     The Deed of Trust which sited the lender as WELLS.

78.     Defendants should be required to provide the original note with the appropriate endorsement thereon to Plaintiffs or this Honorable Court so that it may determine under California law, who owns the right to receive payments and exercises the rights relating to said ownership.

79.     Only the Note Holder is authorized to collect payments and, in the event of a default, commence foreclosure proceedings, including authorizing the substitution of a Trustee.

80.     Until Defendants are able to provide Plaintiffs and this Honorable Court the aforementioned documents, this Honorable Court should order that Plaintiffs are not required to make any further payments on the Adjustable Rate Note and enjoin any further collection activity on the Note, including staying the count towards the date a Notice of Trustee's Sale may be filed and served.

81.     **Plaintiff is informed and believes, and thereon alleges, that any of the documents involved in this matter were intentionally altered and OR backdated.  That Defendants, and each of them, knowing that wrongfully attesting to the truth and accuracy of essential legal documents was illegal, ineffectual and a fraud on the Court System, utilized the services of many individuals to move the trustee's sale process along without verifying the accuracy of the documents which they prepared.**

82.     **Plaintiff is informed and believes that there currently is a pending Notice of Trustee's sale against the property as referenced herein below.  Plaintiff is further informed and believes that if such trustee's sale goes forward that Plaintiff will suffer irreparable injury.  In light of Defendants, and each of their blatant and intentional failure to comply with the law, and the issue of the loan modification, the subject and pending trustee's sales must be enjoined until Defendants have fully complied with the requirements under the law.**

PLAINTIFFS' FREDERICK LOAKES AND DIOLINDA LOAKES SECOND AMENDED COMPLAINT

### THIRD CAUSE OF ACTION
### <u>VIOLATION OF CIVIL CODE SECTION 1572</u>
### (As to All Defendants)

83.     Plaintiffs repeat and re-allege each of the allegations set forth above.

84.     The misrepresentations by Defendants' and/or Defendants' predecessors, failures to disclose, and failure to investigate as described above were made with the intent to induce Plaintiffs to obligate themselves on the Loan in reliance on the integrity of Defendants and/or Defendants' predecessors.

85.     Plaintiffs are unsophisticated borrowers whose reliance upon Defendants and/or Defendants' predecessors was reasonable and consistent with the Congressional intent and purpose of *California Civil Code Section 1572* enacted in 1872 and designed to assist and protect consumers similarly situated as Plaintiffs to this action.

86.     As unsophisticated borrowers, Plaintiffs could not have discovered the true nature of the material facts on their own.

87.     The accuracy by Defendants and/or Defendants' predecessors of representation is important in enabling consumers such as Plaintiffs to compare market lenders in order to make informed decisions regarding lending transactions such as a loan.

88.     Plaintiffs were ignorant of the facts which Defendants and/or Defendants' predecessors misrepresented and failed to disclose.

89.     Plaintiffs' reliance on Defendants and/or Defendants' predecessors was a substantial factor in causing their harm.

90.     Had the terms of the Loan been accurately represented and disclosed by Defendants and/or Defendants' predecessors, Plaintiffs would not have accepted the loan nor been harmed.

22

PLAINTIFFS' FREDERICK LOAKES AND DIOLINDA LOAKES SECOND AMENDED COMPLAINT

91.     Had Defendants and/or Defendants' predecessors investigated Plaintiffs' financial capabilities, they would have been forced to deny Plaintiffs on this particular loan.

92.     Defendants and/or Defendants' predecessors conspired and agreed to commit the above mentioned fraud.

93.     As a proximate result of Defendants and/or Defendants' predecessors' fraud, Plaintiffs have suffered damage in an amount to be determined at trial.

94.     The conduct of Defendants and/or Defendants predecessors' as mentioned above was fraudulent within the meaning of *California Civil Code Section 3294(c)(3)*, and by virtue make an example of the Defendants.

## FOURTH CASUE OF ACTION
## FOR FRAUD
### (Against All Defendants)

95.     Plaintiffs repeat and re-allege each of the allegations set forth above.

96.     An employee of GOLDEN executed on behalf of the alleged Beneficiary a "Notice of Default" which stated that the payments due to Nominee as Beneficiary.

97.     On the Notice of Breach, it stated, in part, that Plaintiffs as Trustors, to secure certain obligations in favor of Defendants, as beneficiaries.

98.     It further states that:

That by reason thereof, of the present beneficiary under such deed of trust, has executed and delivered to said agent, a written Declaration of Default and Demand for same, and has delivered to said agent, such **deed of trust and all documents evidencing obligations secured thereby**, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations served thereby.

99.     This representation was made by these Defendants in order to induce reliance by Plaintiffs.

23

PLAINTIFFS' FREDERICK LOAKES AND DIOLINDA LOAKES SECOND AMENDED COMPLAINT

100.    Plaintiffs did rely on these representations and because of their reliance their property will be foreclosed and Plaintiffs' reliance will be justified.

101.    Plaintiffs are informed and believe that the representation as stated on the Notice of Default were false representation in the following particular(s).

102.    Documents were not provided to the trustee that showed that WELLS was entitled to the payments.

103.    Plaintiffs allege that Defendants, and each of them, were engaged in an illegal scheme the purpose of which was to execute loans secured by real property in order to make commissions, kick-backs, illegal and undisclosed yield spread premiums, and undisclosed profits by the sale of any instruments arising out of the transaction and to make loan to borrowers that they could not afford to repay given their stated financial situation.  Plaintiffs allege that Defendants, and each of them, have represented to Plaintiffs and to third parties that they were the owner of the Trust Deed and Note as either the Trustee or the Beneficiary regarding Plaintiffs' real property.  Based on this representation they caused a Notice of Default to b issued and recorded without disclosing their true role, and thereafter a notice of intent to foreclose, permanently affecting Plaintiffs', right, title and interest in the Subject Property.  In fact, Plaintiffs allege that the promissory notes which was executed by Plaintiffs and which initially formed a basis of a security interest in the subject property, was assigned in violation of *Civil Code Section 2923.5 et seq.*, because the assignment was not recorded, and as such the promissory note was rendered as non-negotiable and no power of sale was conveyed with the note at the time of the assignment, and therefore, Defendants, and each of them, had no lawful security interest in the subject property.

**FIFTH CAUSE OF ACTION**
**FOR INTENTIONAL MISREPRESENTATION**

24

**(Against all Defendants)**

104.      Plaintiffs repeat and re-allege each of the allegations set forth above.

105.      Plaintiffs are informed and believe that the representation as stated on the Note of Default and each of them were false representation in the following particular(s):

[A] Documents were not provided to the trustee that showed any of the Defendants as the Beneficiary and entitled to the payments.

[B] A the time Defendants made the representations they knew were false and were made for the sole purpose of inducing reliance and confusing the Plaintiffs.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA CIVIL CODES SECTION 2923.5 AND SECTION 2924**
**(Against all Defendants)**

106.      Plaintiffs repeat and re-allege each of the allegations set forth above.

**Recording of an Assignment Prior to Foreclosure**

107.      *Cal. Civ. Code Section 2923.5* provides a condition precedent for an assignee of a Deed of Trust prior to commencing a foreclosure:

Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument.  The power of sale may be exercised by the assignee *if* the assignment is duly **acknowledged and recorded**. (Emphasis added).

108.      Defendants drafted the Deed of Trust and Plaintiffs had no opportunity to negotiate the terms of the instrument.

25

PLAINTIFFS' FREDERICK LOAKES AND DIOLINDA LOAKES SECOND AMENDED COMPLAINT

109.    Defendants WELLS and GOLDEN failed to record the assignment prior to commencing the foreclosure as such the Foreclosure was not conducted in accordance with *Cal.Civ. Code Sec 2924 and 2932.5*.

## **Invalid Notice of Default**

110.    There is in existence a certain written instrument which purports to be a Notice of Default that is in the possession of Defendants, and each of them.

111.    The written instrument alleged in Paragraph "82" was procured as follows: Defendants cannot prove that the non-judicial foreclosure, strictly complies with the tenets of *California Civil Code Sections 2923.5* and *2924* in order to maintain an action for possession pursuant to *California Civil Code Procedure Section 1161*.  As of September 6, 2009, *California Civil Code Section 2923.5* applies to loans made from January 1, 2003, to December 31, 2007, and loans secured by residential real property that are for owner-occupied residences.  For purposes of *California Civil Code Section 2923.5*, "owner-occupied" means that the residence is principal residence of the borrower.  Prior to filing a Notice of Default, *California Civil Code Section 2923.5* of the California Civil Code provides in pertinent part:

   (1) *A trustee may not file a notice of default pursuant to Section 2924 until 30 days after contact is made* as required by paragraph (2) or 30 days after satisfying the due diligence requirements as described in subdivision (g).
   (2) *An authorized agent shall contact the borrower* in person or by telephone *in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure*.  During the initial contact, the mortgagee, beneficiary or authorized agent shall advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgagee, beneficiary, or authorized agent shall schedule the meeting to occur within 14 days.
   (3) *A notice of default filed pursuant to Section 2924 shall include a* **declaration** *from the mortgagee, beneficiary, or authorized agent it has contacted the borrower, tried with due diligence to contact the borrower as required by this section,* or borrower has surrendered the property to the mortgagee, trustee, beneficiary, or authorized agent.

## **Missing/Invalid Declaration on Notice of Default and Notice of Trustee's Sale**

PLAINTIFFS' FREDERICK LOAKES AND DIOLINDA LOAKES SECOND AMENDED COMPLAINT

112.     The purpose of permitting a declaration under penalty of perjury, in lieu of a sworn statement, is to help ensure that declarations contain a truthful factual representation and are made in good faith. (In re ***Marriage of Reee & Guy***, 73 Cal. App. 4th 1214, 87 Cal. Rptr. 2d 339 (4th Dist. 1999)).

113.     In addition to California Civil Code Section 2923.5, California Code of Civil Procedure Section 2915.5 states:

> Whenever, under any law of this state or under any rule, regulation, order or requirement made pursuant to the law of this state, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn statement, declaration, verification, certificate, oath, or affidavit, in writing of the person making the same, such matter may with the force and effect be supported, evidenced, established or proved by the unsworn statement, declaration, verification, or certificate, in writing of such person which recites that is certified or declared by him or her to be true under penalty of perjury, is subscribed by him or her, and (1) if executed at any place. Within or without this state, states the date of execution and that is so certified or declared under the laws of the State of California.   The certification or declaration must be in substantially the following form:

> (a) If executed within this state:

"I certify (or declare) under penalty of perjury that the foregoing is true and correct:"

Los Angeles ᶜʰ Oct 24-2014          _(signature)_
(Date and Place)                              (Signature)

114.     For our purposes we need not look any farther that the Notice of Default to find the declaration is missing or is invalid as mandated by new *California Civil Code Section2923.5(c).* (***Blum v. Superior Court*** (Copley Press Inc.) (2006) 141 Cal App 4th 418, 54 Cal. Reptr. 3d 902). Therefore, since the declaration is missing, the Notice of Default is considered void.

115.     These Defendants did not adhere to the mandates laid out congress before a foreclosure can be considered duly perfected.  For the aforementioned reasons, the Notice of Default will be void as a matter of law.

PLAINTIFFS' FREDERICK LOAKES AND DIOLINDA LOAKES SECOND AMENDED COMPLAINT

## **Lack of Personal Knowledge of Declarant**

116.    An affidavit on behalf of a corporation must show it was made by an authorization officer or agent, and the officer him or herself must wear to the facts.  Furthermore, a person who verified a pleading is required to have personal knowledge of reasonable cause to believe the existence of the facts stated therein.  Here, the Declaration for the Notice of Default by the agent does not state if the agent has personal knowledge and how he obtained this knowledge.  The proper function of an affidavit is to state facts, not conclusions, and affidavits that merely state conclusions rather than facts are insufficient.  An affidavit must set forth facts and show affirmatively how the affiant obtained personal knowledge of those facts.  The Notice of Default **does not have** the required agent's personal knowledge of facts and it the Plaintiffs, borrowers were affirmatively contacted in person or by telephone to assess the Plaintiffs' financial situation and explore option for the Plaintiffs to avoid foreclosure.  Simply put, the declaration was invalid all together.


**WHEREFORE**, Plaintiffs having set forth the claims for relief against Defendants respectfully pray that this Court grant the following relief against the Defendants:

1.  Actual Economic and Non-Economic Damages;

2.  For a declaration of the rights and duties of the parties relative to Plaintiffs' Home to determine the actual status and validity of the loan, Deed of Trust, and Notice of Default;

3.  For a preliminary injunction enjoining all Defendants, their agents, assigns, and all persons acting under, for, or in concert with them, from foreclosing on Plaintiffs' Home or from conducting a trustee's sale or causing a trustee's sale to be conducted to relative to Plaintiffs' Home;

4.  Cancellation of the sale date;

PLAINTIFFS' FREDERICK LOAKES AND DIOLINDA LOAKES SECOND AMENDED COMPLAINT

5. For damages as provided by statute;

6. For an Order enjoining Defendants from continuing to violate the statutes alleged herein;

7. For an Order, and/or a restraining order preventing Defendants and his, hers, or its agents, employees, officers, attorneys, and representatives from engaging in or performing any of the following acts: (i) offering or advertizing this property for sale and (ii) attempting to transfer title to this property and or (iii) holding any auction therefore;

8. For exemplary and punitive damages;

9. Cost and reasonable legal fees pursuant to California Civil Code Section 171, Section 1788.30(b), Section 1788.30(c);

10. For such other and further relief as the court may deem just and proper.

DATED: **October 2 4** , 2014

Respectfully Submitted,

By: _Frederick Loakes_

Frederick Loakes, *Plaintiff in Pro Per*
15 Franciscan PL
Pomona, CA 91766
Telephone: (562) 587-0924

_Diolinda Loakes_

Diolinda Loakes, *Plaintiff in Pro Per*
15 Franciscan PL
Pomona, CA 91766
Telephone: (562) 587-0924

29

PLAINTIFFS' FREDERICK LOAKES AND DIOLINDA LOAKES SECOND AMENDED COMPLAINT

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA          )

3
                                 ) ss.

COUNTY OF LOS ANGELES   )

4

5
       At the time of service, I was over 18 years of age and not a party to this action.  I am a resident in the county of Los Angeles, State of California.  My business address is 3232 Ventura

6
Blvd., Studio City, CA 91604.

7
       On **October _____** , 2014 I served true copies of the following documents(s):

8

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR**

9
**MONETARY DAMAGES, STATUTORY DAMAGES, INJUNCTIVE RELEF AND DECLATORY RELIEF**

10

on the interested parties in this action as follows:

11

12
Dean A. Reeves, Esq.                       Attorney for Defendant
ANGLIN, FLEWELLING, RASMUSSEN,    Defendant: WELLS FARGO BANK, N.A.

13
   CAMPBELL & TRYTTEN LLP
199 S. Los Robles Avenue, Suite 600

14
Pasadena, California
Tel: (626) 535-1900; Fax: (626) 577-7764

15

16
       **BY MAIL:** I have enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing,

17
following our ordinary mailing practices.  I am readily familiar with California's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is

18
placed for collection and mailing, it is deposited in the ordinary course of practice with the United States Postal Service, in a sealed envelope with postage fully prepaid.

19

20
       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

21

22
       Executed on **October _____** , 2014, in Los Angeles, California.

23

24

25

26

27
   Jerry Nicholas
       (Type or Print Name)                      (Signature of Declarant)

28

PLAINTIFFS' FREDERICK LOAKES AND DIOLINDA LOAKES SECOND AMENDED COMPLAINT